UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK WESLEY SCHNEIDER,<br><br>v.<br><br>BAC HOME LOANS SERVICING, LP, a Texas limited partnership, THE BANK OF NEW YORK MELLOW FKA THE BANK OF NEW YORK, RECONTRUST COMPANY, NATIONAL ASSOCIATION and Does 1-10, inclusive.<br><br>Defendant. | Civil No. 3:12-cv-00929-AJB-NLS<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Doc. No. 5] |

Presently before the Court is Defendants' Motion to Dismiss. (Doc. No. 5.) The motion is unopposed. For the following reasons, the motion is **GRANTED** with leave to amend.

**I.**

**Background**

On September 2, 2005, Plaintiff, Mark Wesley Schneider, and his wife purchased a property with a loan in the amount of $372,000. Plaintiff defaulted on the loan, and on August 18, 2011, Defendant ReconTrust Company executed a Notice of Default and Election to Sell Under Deed of Trust. On November 18, 2011, ReconTrust Company executed a Notice of Trustee's Sale. On March 13, 2012, Plaintiff filed a Complaint primarily alleging that Defendants Bank of America, as successor by merger

1

to BAC Home Loans Servicing; Bank of New York Mellon; and ReconTrust Company lacked standing to foreclose on Plaintiff's property. Plaintiff asserts violation of Cal. Civ. Code § 2923.5, fraud, intentional misrepresentation, violation of Cal Civ. Code § 2923.6; violation of Cal. Civ. Code §1572, violation of Cal. Bus. & Prof. Code § 17200 (the "UCL"), and violation of the Truth in Lending Act ('TILA"). Plaintiff seeks rescission of the loan, economic and non-economic damages, declaratory and injunctive relief, cancellation of any future foreclosure sale, restitution, statutory damages, punitive damages, and attorney fees. On April 24, 2012, Defendants filed a Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to this Court's order on April 23, 2012, Plaintiff's opposition to the Motion to Dismiss was due on or before May 15, 2012. To date, no opposition or First Amended Complaint has been filed with the Court.

## II.

## Legal Standards

Local Rule 7.1.e.2. requires a party opposing a motion to file an opposition or statement of non-opposition within fourteen calendar days of the noticed hearing. As further described in Local Rule 7.1.f.3.a., the opposition must be in writing. Failure to comply with these rules "may constitute a consent to the granting of a motion" under Local Rule 7.1.f.3.c.

District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979). The Ninth Circuit also permits dismissal pursuant to a local rule where the party is acting *pro se*. Even though the court has an obligation to liberally construe their pleadings, "*pro se* litigants are bound by the rules of procedure." *Ghazali*, 46 F.3d at 54 (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). Before dismissing an action for failure to comply with local rules, the district court "weigh[s] several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

## III.

## Discussion

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Not only is orderly and swift resolution of disputes importance to the rule of law, but delay in reaching the merits "is costly in money, memory, manage-ability, and confidence in the process." *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). Along with determining the public's interest in expeditious resolution of the litigation, the district court judge is also in the best position to determine whether the delay in failure to oppose a motion or to comply with a timing requirement interferes with the court's docket management. *Yourish*, 191 F.3d at 990; *Pagtalunan*, 291 F.3d at 642. Accordingly, this factor weighs in favor of dismissal. *Pagtalunan*, 291 F.3d at 642.

"A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *In re Phenylpropanolamine*, 460 F.3d at 1227 (quoting *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)). Prejudice may include failing to produce documents or submitting documents late. *Id.* Moreover, the law presumes that unreasonable delay is prejudicial. *Id.* (citing *In re Eisen*, 31 F.3d 1453). The plaintiff may rebut this presumption either by showing that no actual prejudice occurred or by setting forth a non-frivolous explanation for the delay, which then shifts the burden to the defendant to show some actual prejudice. *Id.* (citing *In re Eisen*, 31 F.3d 1453). Here, Plaintiff has failed rebut this presumption and accordingly this factor weighs in favor of dismissal.

As public policy favors disposition of cases on the merits, this factor generally weighs against dismissal. *Pagtalunan*, 291 F.3d at 643. However, "a case that is stalled or unreasonably delayed by a party's failure to comply [with local rules] cannot move forward toward resolution on the merits." *In re Phenylpropanolamine*, 460 F.3d at 1228. Thus, this factor is not very persuasive to help a party who has the responsibility to move a case toward disposition on the merits. *Id.* Accordingly, this factor weighs in favor of dismissal. The district court must also consider the impact of the sanction of dismissal and the availability of less drastic alternatives. *In re Phenylpropanolamine*, 460 F.3d at 1228.

Accordingly, the Court finds that the majority of these factors weigh in favor of dismissal of the Complaint.

### IV.
### Conclusion

For the reasons set forth above, the Court hereby **GRANTS** Defendants' Motion to Dismiss *without prejudice*. Plaintiff has thirty (30) days from the date of this Order to submit an amended Complaint. Failure to do so will result in the Court's dismissal of this case.

IT IS SO ORDERED.

DATED:  May 29, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge